UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x
MARK BERNSTEIN, individually and as
Parent and Natural Guardian of A.B., an Infant
under the age of 17 years,

                    Plaintiff,

  - against -

THE VILLAGE OF PIERMONT, MICHAEL
BETTMAN, DANNY GOSWICK, JR. and
SAM KROPP,

                    Defendants.
———————————————————————x

**OPINION AND ORDER**

11 Civ. 3677 (ER)

Plaintiff Mark Bernstein, individually and as parent of A.B., moves to extend the time for service required by Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)"). Doc. 17. For the reasons discussed below, the Plaintiff's motion is GRANTED.

## I. Procedural History

The Verified Complaint filed on May 31, 2011 sets forth a civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Village of Piermont (the "Village") and Michael Bettman ("Bettman"), Danny Goswick, Jr. ("Goswick") and Sam Kropp ("Kropp"), volunteer firefighters with the Village Fire Department (the "Individual Defendants") (collectively, the "Defendants"), alleging false imprisonment, unlawful detention, assault, battery and intentional infliction of emotional distress. The claims asserted in the Verified Complaint relate to an incident that occurred on August 14, 2010 in connection with A.B.'s service as a volunteer firefighter with the Village Fire Department. Doc. 1; Gilbert Aff., ¶ 21. On June 2, 2011, Plaintiff served the Defendants by personal delivery of the Summons and Verified Complaint on the Village Town Clerk ("Village Clerk"). Gilbert Aff., Ex. B at 1-4. On June 6, 2011, Plaintiff mailed copies to the Individual Defendants at the Village Clerk's Office. *Id.*

On June 10, 2011, Plaintiff filed an Amended Complaint. Gilbert Aff., Ex. C. The Amended Complaint was also served on the Individual Defendants by personal delivery on the Village Clerk on June 22, 2011, and by mail to the Village Clerk on June 23, 2011. Doc. 3. On July 8, 2011, the Village filed an Answer to the Amended Complaint, but did not interpose an answer on behalf of the Individual Defendants. Doc. 5. To date, the Individual Defendants have not filed answers to the Amended Complaint.

On June 27, 2011, Gary L. Lipton, Esq., attorney for Kropp in a related criminal action, sent a letter to the Plaintiff's attorney. Gilbert Aff., Ex. G at 1.[1] As an initial matter, Mr. Lipton advised that he did not represent Kropp in the instant civil action. *Id*. He also indicated that Kropp had sent copies of the Summons and Complaint[2] to the Village, the Village Fire Department and to his homeowner's insurance company. *Id*. Finally, Mr. Lipton summarized a conversation on June 24, 2011 during which Plaintiff's counsel purportedly agreed to (1) grant Kropp an extension of time to answer and (2) refrain from seeking default judgment against Kropp as long as he secured legal representation. *Id*. However, by a letter dated July 7, 2011, Plaintiff's counsel contested these representations and stated, "I advised [Mr. Lipton] that I understood Mr. Kropp's problem in securing counsel and would not take a default against him without notifying [Mr. Lipton] in advance of my intention to do so." Gilbert Aff., Ex. H at 1. In his July 7 letter, Plaintiff's counsel also indicated that Kropp had until July 31, 2011 to secure counsel; otherwise Plaintiff would seek a default judgment. *Id*.

---

[1] The evidence before the Court does not indicate how Kropp received Plaintiff's Verified Complaint and/or Amended Complaint.

[2] It is unclear whether Kropp forwarded copies of the Verified Complaint or Amended Complaint.

On July 29, 2011, Mr. Lipton requested a three to four week extension to answer the Amended Complaint. Gilbert Aff., Ex. I at 1. Plaintiff's counsel responded on September 12, 2011, stating that Kropp had been given "several months" to secure legal representation and Plaintiff's counsel would initiate the process of default judgment unless they received an answer to the Amended Complaint in the following ten days. Gilbert Aff., Ex. J at 1.

Meanwhile, on July 8, 2011, Goswick's home insurance carrier sent a letter to Goswick's home address stating that it had received documentation of the current lawsuit and that it would not provide him with coverage for any of the claims in the Verified Complaint. Gilbert Aff., Ex. L at 1-12.[3] Plaintiff's counsel was included in the letter as a carbon copy recipient, *id.* at 11, and confirmed receipt of the document. Gilbert Aff., ¶ 26.

On May 3, 2012, Plaintiff filed an Order to Show Cause for, *inter alia*, default judgment against the Individual Defendants. Doc. 10. On June 4, 2012, Goswick's counsel entered a limited notice of appearance, indicating that his representation was limited to contesting personal jurisdiction and defending the motion for default judgment on the basis of lack of personal jurisdiction. Doc. 13. That same day, Goswick's counsel contacted Plaintiff's counsel to contest the method of service on Goswick and indicated that they had previously spoken about the alleged error in service. Feerick, Jr. Aff., ¶ 9; Doc. 14, Ex. B at 3. Plaintiff has not refuted these allegations.

On June 5, 2012, Plaintiff and the Individual Defendants appeared before the Court for a Show Cause hearing.[4] At the hearing, Goswick's counsel argued that service on the Individual

---

[3] As with Kropp, the evidence before the Court does not indicate how Goswick received Plaintiff's Verified Complaint and/or Amended Complaint.

[4] Kropp and Bettman appeared at the hearing *pro se* and represented to the Court that they would likely retain counsel. To date, however, no counsel has filed a notice of appearance on behalf of Kropp or Bettman.

3

Defendants through the Village Clerk was improper and was insufficient to assert personal jurisdiction over the Individual Defendants. Gilbert Aff., ¶ 17. The Court directed the Plaintiff to research whether the Individual Defendants had been properly served. The Plaintiff now acknowledges that service was improper as to the Individual Defendants. Gilbert Aff., ¶ 17.[5]

On June 19, 2012, Plaintiff filed the instant motion to extend the time to serve the Individual Defendants pursuant to Rule 4(m). Doc. 17.[6] On June 20, 2012, Goswick's counsel filed an affidavit in opposition to Plaintiff's motion. Doc. 20. The Village filed an affirmation in limited opposition to Plaintiff's motion on June 25, 2012. Doc. 23. Neither Bettman nor Kropp have filed papers in opposition to the motion.

## II. Applicable Law

Rule 4(m) governs the dismissal of actions for untimely service of process and extensions of time in which service may be effected. The rule provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff demonstrates good cause for the failure, then the court must grant additional time to serve, but if the plaintiff does not demonstrate good cause, then the court has discretion to either grant additional time or to dismiss the action. *Counter Terrorist Group U.S. v. New York Magazine*, 374 F. App'x 233, 234-35 (2d Cir. 2010); *Castro v. City of New York*, 05

---

[5] The Village does not contest proper service. *See* Massucci Aff., ¶ 3.

[6] On January 25, 2012, the Equal Employment Opportunity Commission ("EEOC") notified Plaintiff that he had a right to bring a civil action under Title VII of the Civil Rights Act of 1964 ("Title VII") against the Village Fire Department within 90 days. Gilbert Aff., Ex. K at 1. Plaintiff timely commenced a related Title VII action against the Village on March 21, 2012. The Court consolidated the Title VII action with the instant case on June 22, 2012. Doc. 22. Plaintiff has not filed a consolidated complaint incorporating both the original claims and the Title VII claim. Therefore, the current motion relates only to the Verified Complaint and Amended Complaint, and not to the Title VII action.

Civ. 593 (LAK) (MHD), 2007 WL 3071857, at *5 (S.D.N.Y. Oct. 10, 2007) *report and recommendation adopted*, 05 Civ. 0593 (LAK), 2007 WL 3224748 (S.D.N.Y. Nov. 1, 2007).

    A.  <u>Mandatory Extension of Time for Good Cause</u>

The first issue the Court must resolve is whether or not Plaintiff has shown good cause for his failure to serve the Individual Defendants within the 120-day limit. In determining whether a plaintiff has shown good cause, courts weigh the reasonableness and diligence of the plaintiff's efforts to serve against the prejudice to the unserved defendants from the delay. *DeLuca v. AccessIT Group*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006) (quoting *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999)) (internal quotation marks omitted). Thus, an attorney's "inadvertence, neglect, mistake or misplaced reliance does not constitute good cause." *Id.* (alteration and internal quotation marks omitted). Additionally, "a mistaken belief" that service was proper does not establish good cause. *Jonas v. Citibank, N.A.*, 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006) (citation omitted).

    Plaintiff here has not demonstrated good cause for his failure to properly serve the Individual Defendants. Counsel acknowledges that he incorrectly assumed that the Individual Defendants had been properly served because his office "ha[s] commenced numerous lawsuits against The City of New York and its NYPD police officers . . . and effectuated service upon the individual members of the NYPD by delivery of the Summons and Complaint to [a location] other than the actual police station in which they work." Pl.'s Mem. L. at 3. Further, "in those cases[,] the City of New York has interposed Answers on behalf of those individual police

officers . . . ."  *Id*.  Thus, Plaintiff claims that this "mistaken attempt at service" on the individual defendants was made in "good faith" and represents good cause.  Gilbert Aff., ¶ 18.  While mistaken reliance on service in prior cases is understandable, it does not amount to good cause.  *See Mann v. Castiel*, 729 F. Supp. 2d 191, 196 (D.D.C. 2010) *aff'd,* 681 F.3d 368 (D.C. Cir. 2012) ("Neither mistake of counsel nor ignorance of the rules constitutes good cause."); *Zapata v. City of New York*, 502 F.3d 192, 199 (2d Cir. 2007) (describing that an attorney's assumption that the City would supply the information needed to effect service was "a confession of neglect, not an excuse for it.").

Furthermore, the Village's Answer to the Amended Complaint, filed on July 8, 2011 and well within the 120-day period for service, should have placed Plaintiff on notice of the service defect.  The Answer clearly was filed only on behalf of the Village and, moreover, asserts two cross-claims against the Individual Defendants.  Doc. 5.  *See generally Allianz Ins. Co. v. Otero*, 01 Civ. 2598 (LMM) (HBP), 2003 WL 262335, at *4 (S.D.N.Y. Jan. 30, 2003) (failing to find good cause where plaintiff "never made a motion to extend the time for proper service within the original 120 days even though it was on notice of the service defect from the defendants' Answer.").

B.  Discretionary Extension of Time

Even though Plaintiff has not shown good cause, it is still within the Court's discretion to grant an extension of time to accomplish service.  *Zapata*, 502 F.3d at 193 ("We join several other circuits and hold that district courts may exercise their discretion to grant extensions under Rule 4(m) absent a showing of good cause under certain circumstances.").  In determining whether a discretionary extension is appropriate in the absence of good cause, courts in this Circuit generally consider four factors:  "(1) whether any applicable statutes of limitations would

bar the action once re-filed; (2) whether the defendant[s] had actual notice of the claims asserted in the complaint; (3) whether defendant[s] attempted to conceal the defect in service; and (4) whether defendant[s] would be prejudiced by extending plaintiff's time for service." *DeLuca*, 695 F. Supp. 2d at 66 (collecting cases).

With respect to the first factor, the statutes of limitations for both the Section 1983[7] and state law claims do not bar Plaintiff from re-filing the action.  The Amended Complaint contains five state law causes of action—false imprisonment, unlawful detention, assault, battery and intentional infliction of emotional distress—all of which are generally subject to a one year statute of limitations under N.Y. C.P.L.R. § 215(3).  *See Callahan v. Image Bank*, 184 F. Supp. 2d 362, 363 (S.D.N.Y. 2002) (finding that a claim for intentional infliction of emotional distress, as an intentional tort, is governed by N.Y. C.P.L.R. § 215(3) and is subjection to a one year statute of limitations).  As the actions complained of took place on or about August 14, 2010, Plaintiff would ordinarily be time-barred from re-filing these state law claims.  However, the minor, A.B., reached eighteen years of age on April 12, 2012.  Gilbert Aff., ¶ 25.  Under N.Y. C.P.L.R. § 208, a person entitled to commence an action who "is under a disability because of infancy . . . at the time the cause of action accrues, and the time otherwise limited for commencing the action . . . is less than three years, the time shall be extended by the period of the disability."[8]  N.Y. C.P.L.R. § 208.  Because A.B.'s eighteenth birthday was on April 12,

---

[7] Plaintiff's moving papers only address the statute of limitations in relation to the state law claims.  However, the Court notes that the applicable statute of limitations for a claim under Section 1983 is three years.  *Songhorian v. Lee*, 11 Civ. 36 (CM), 2012 WL 6043283, at *5 (S.D.N.Y. Dec. 3, 2012).  As the actions complained of took place on or about August 14, 2010, Plaintiff could file a new Section 1983 action if this case were dismissed.

[8] This action is not brought by A.B. himself; instead it is brought by Plaintiff Bernstein on his son's behalf, and some courts have held that § 208 can apply in this situation, "presumably because the claims are in reality those of the infants even though brought by a parent or guardian on their behalf." *In re Dayton*, 786 F. Supp. 2d 809, 827, n. 11 (S.D.N.Y. 2011).

2012, the statute of limitations is extended until his nineteenth birthday on April 12, 2013. Gilbert Aff., ¶ 25; Pl.'s Mem. L. at 4. Therefore, Plaintiff's claims are not time-barred and the Individual Defendants would not be prejudiced from extending the period for service.[9]

As to the second factor, the proffered evidence indicates that Kropp had actual notice of the claims against him by no later than June 27, 2011, when his attorney sent Plaintiff's counsel a letter discussing the Summons and Complaint. Gilbert Aff., Ex. G at 1. Goswick admits that he had "actual knowledge" of the claims "from the time the instant case was commenced." Feerick, Jr. Aff., ¶ 20. As to Bettman, however, there is no evidence before the Court to indicate that he had knowledge of the lawsuit before his appearance in Court on June 5, 2012. On balance, however, this factor favors Plaintiff.

With respect to the third factor, Plaintiff does not argue, and there is nothing before the Court to indicate, that any of the Individual Defendants attempted to conceal the defect in service. See Pl.'s Mem. L. at 4; Gilbert Aff., ¶ 27.[10]

---

[9] Plaintiff notes that charges in a related criminal action were dismissed against Goswick and Kropp in December 2011 and Bettman "took a plea" in early 2012. Gilbert Aff., ¶ 23. In his affirmation, Plaintiff's counsel states that "research has yet to provide a definitive answer . . . as to whether the tolling provision of N.Y.'s C.P.L.R. § 215(8) [is] rendered inapplicable because defendants were charged with violations rather than misdemeanors . . . ." Gilbert Aff., ¶ 24. N.Y. C.P.L.R. § 215(8)(a) provides:

> Whenever it is shown that a criminal action against the same defendant has been commenced with respect to the event or occurrence from which a claim governed by this section arises, the plaintiff shall have at least one year from the termination of the criminal action as defined in section 1.20 of the criminal procedure law in which to commence the civil action, notwithstanding that the time in which to commence such action has already expired or has less than a year remaining.

The Court has no information regarding the criminal matter and declines to address the implications of the criminal action on the statute of limitations issue since Plaintiff is not barred from re-filing the action.

[10] While Plaintiff asserts that counsel for Bettman made no mention over the telephone and via correspondence about a defect in service, Plaintiff has apparently confused Bettman for Goswick or Kropp as the papers submitted by Plaintiff show that no mail correspondence was exchanged with Bettman, or counsel representing Bettman, while there is extensive correspondence with counsel for Goswick and Kropp. See Gilbert Aff., ¶ 27

Finally, the Court must examine whether an extension of the time to serve would result in prejudice to the Individual Defendants.  Goswick argues that he suffered prejudice from Plaintiff's "intentional[]" failure to effect proper service.  Feerick, Jr. Aff., ¶ 9.  Specifically, Goswick notes that he is "uniquely concerned about the impact that the Plaintiff's claims could have [on] his future career with the U.S. Armed Forces."  Feerick, Jr. Aff., ¶ 11.  However, this argument is misplaced, as it alleges prejudice resulting from the mere fact of filing the action, and not from Plaintiff's delay in effecting valid service.  *DeLuca*, 695 F. Supp. 2d at 67 (discussing that a court evaluates prejudice resulting from the delay in effecting valid service).  As Bettman and Kropp failed to submit papers, the Court finds that none of the Individual Defendants has established prejudice from an extension of time to serve.

Considering all of the above factors in tandem and the general preference for deciding cases on the merits, the Court is persuaded to exercise its equitable discretion to extend Plaintiff's time to serve the Individual Defendants.  *Id.* (citing *Cody v. Mello,* 59 F.3d 13, 15 (2d Cir. 1995) (discussing the preference for deciding cases on the merits)).

### III. Additional Claim

Finally, Goswick argues that the Village failed to provide him with legal representation.  Feerick, Jr. Aff., ¶ 12-18, 21-22.  Goswick has not sought leave from the Court to raise this issue and thus the Court declines to address it.

### IV. Conclusion

For the foregoing reasons, the Court will exercise its discretion to extend the Plaintiff's time for service under Rule 4(m).  Plaintiff is given forty-five (45) days from the issuance of this decision, February 4, 2013, to re-serve the Summons and Amended Complaint and file proof of service with the Court.  Failure to do so shall result in dismissal of the Individual Defendants

9

from this action. The Clerk of the Court is respectfully directed to terminate this motion (doc. #17).

SO ORDERED.

Dated:   December 20, 2012
         White Plains, New York

_____
Edgardo Ramos, U.S.D.J.